IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANYA ROLDAN<br>414 S. Market Street, #201<br>Elizabethtown, PA  17072 | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| AMTRAK<br>50 Massachusetts Avenue<br>Washington, DC 20002 | : | |
| | : | NO.: |
| and | : | |
| | : | |
| JOHN DOE<br>(Address Unknown) | : | |

COMPLAINT

1.    Plaintiff, Tanya Roldan, is an individual and adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

2.    Defendant, Amtrak, is a federally chartered corporation, which maintains its principal offices as captioned.

3.    Defendant is John Doe, a person or business entity whose name and address are unknown to Plaintiff at this time.

4.    At all material times, Defendant, Amtrak, owned, operated, managed, possessed, controlled and/or maintained Amtrak train number 672.

5.    This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1331 and 1349, through the principles of pendant and ancillary jurisdiction.

6.    Venue is proper under 28 U.S.C. Section 1391(b) because the causes of action upon which the Complaint is based arose in Lancaster County, Pennsylvania, which is in the Eastern District of Pennsylvania.

7.    On or about June 22, 2024, approximately 6:00 p.m., Plaintiff was a passenger in the above-described Amtrak train when it crashed into a truck – owned or maintained by Defendant, John Doe – causing to Plaintiff injuries and damages the details of which are set forth hereinafter.

8.    The carelessness, negligence and recklessness of Defendant, Amtrak consisted of any or all of the following:

(a)    Failing to have the aforementioned train under proper and adequate control;

(b)    Operating said train without keeping a proper lookout for persons, objects and road and traffic conditions;

(c)    Failing to maintain a safe, proper and adequate speed under the circumstances;

(d)    Operating said train without due regard for rights, safety and position of Plaintiff herein at the point aforesaid;

(e)    Failing to keep a proper lookout for obstructions on the track;

(f)    Failing to timely stop for truck on the tracks;

(g)    Failing to exercise due care under the circumstances;

(h)    Failing to maintain an assured clear distance.

9. The carelessness, negligence and recklessness of Defendant, John Doe consisted of any or all of the following:

(a) Failing to have the aforementioned truck under proper and adequate control;

(b) Failing to keep brakes and other devices on truck, thereby causing it to roll onto the train tracks;

(c) Failing to safely place the truck in a position to prevent it from rolling onto the train tracks.

10. As a direct and proximate result of the negligence of Defendants, Plaintiff, Tanya Roldan, has sustained severe and painful injuries including but not limited to: superior labral tear of right shoulder requiring likely surgery, bulging lumbar discs, shoulder sprain and strain, lumbar sprain and strain, all of which may be permanent in nature, and have required and may continue to require medical care and treatment and have caused her great pain and suffering, mental anguish, embarrassment, humiliation and disability continuing to this date.

11. As a further direct and proximate result of the negligence of Defendants, Plaintiff, Tanya Roldan, has been and may in the future be required to receive and undergo medical treatment and care and has expended and may continue to expend in the future, various and diverse sums of money for the aforementioned treatment, all of which is to Plaintiff's great financial detriment and loss.

12. As a further direct and proximate result of the negligence of Defendants, Plaintiff, Tanya Roldan, has been unable to attend to her usual and daily activities,

occupations and labors and may have sustained a loss in earnings and/or impairment of her earning capacity or power.

WHEREFORE, Plaintiff, Tanya Roldan, demands judgment against Defendant, Amtrak and John Doe, jointly and/or severally, in an amount sufficient to fairly and adequately compensate Plaintiff, along with interest, costs, attorney's fees and other appropriate relief.

STANSHINE & SIGAL, PC

MARTIN STANSHINE,
Attorney for Plaintiff

## VERIFICATION

Martin Stanshine, Esquire states that he is the attorney for the plaintiff in the foregoing action and has been authorized by his client to take this verification on his behalf; that the facts set forth in the attached Complaint are true and correct to the best of his knowledge, information and belief.

The undersigned understands that these statements are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification made to authorities.

_____
MARTIN STANSHINE,
Attorney for Plaintiff